IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01897-BNB

STEPHEN THENE SPARKS,

    Plaintiff,

v.

TEJINDER SINGH, Physician Assistant,
LISA HANKS, Nurse,
TED LAWRENCE, Physician Assistant, Acting Health Service Administrator,
MICHEAL AASEN, MD,
ROBBIE QUICK, Health Service Administrator,
TOM CLEMENTS, C.D.O.C. Director,
STEVE HARTLEY, Warden, and
COLORADO HEALTH PARTNERS (C.H.P.)

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Stephen Thene Sparks is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Sparks, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. He seeks declaratory and injunctive relief and compensatory and punitive damages.

The Court must construe the Complaint liberally because Mr. Sparks is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's

advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Sparks will be ordered to file an Amended Complaint and assert how each properly named party violated his constitutional rights.

Although Mr. Sparks has indicated personal participation by Defendants Tejinder Singh, Lisa Hanks, Ted Lawrence, and Micheal Aasen in the constitutional violations set forth in the Complaint, he fails to state any personal participation by remaining Defendants.  To establish personal participation, Mr. Sparks must show how each individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  *See Dodds v. Richardson, et al.* ,614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

Mr. Sparks also is instructed that to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Mr. Sparks file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives.   It is

FURTHER ORDERED that Mr. Sparks shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that if Mr. Sparks fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Court will proceed with a review of the merits of only the claims asserted against Defendants Singh, Hanks, Lawrence, and Aasen.   It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED August 21, 2012, at Denver, Colorado.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge