IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 12-cv-01897-RM-MJW

STEPHEN THENE SPARKS,

    Plaintiff,

v.

TEJINDER SINGH, Physician Assistant,
LISA HANKS, Nurse,
TED LAWRENCE, Physician Assistant/Acting Health Service Administrator,
MICHAEL AASEN, M.D.,
TOM CLEMENTS, C.D.O.C. Director,
STEVE HARTLEY, Warden, and
COLORADO HEALTH PARNTERS, C.H.P.,

    Defendants.

---

ORDER ADOPTING MAGISTRATE'S RECOMMENDATIONS
AND OVERRULING PLAINTIFF'S OBJECTIONS

---

    This matter is before the Court on United States Magistrate Judge Michael J. Watanabe's Recommendations ("Recommendations") (ECF Nos. 54, 55) that this Court dismiss Plaintiff's claims against Defendant Michael Aasen (ECF No. 54), dismiss certain claims against Defendants Tejinder Singh, Lisa Hanks, Ted Lawrence, Tom Clements, and Steve Hartley (collectively, "Individual Defendants") (ECF No. 55) and dismiss Plaintiff's claims against Defendant Correctional Health Partners[1] ("CHP") (ECF No. 55). Plaintiff Stephen Thene Sparks filed timely Objections to parts of the Recommendations (the "Objections"). (ECF No. 57.) On

---

[1] Plaintiff incorrectly named the Defendant Correctional Health Partners in the caption of his Complaint as Colorado Health Partners.

1

August 26, 2014, Plaintiff filed a "Motion to Forwith [sic] District Court Ruling to Magistartes [sic] Recommendation." (ECF No. 77.)

For the reasons stated below, the Objections to the Recommendations are OVERRULED, the Magistrate Judge's Recommendations are ADOPTED, and Plaintiff's motion for a ruling on the Recommendations is DENIED as moot.

I.     LEGAL STANDARDS

    A.     Review of the Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B.     Standards for Dismissal

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Pursuant to Rule 12(b)(6), a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted).  The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim

will vary based on context." *Id*. (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (Internal citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." *Khalik*, 671 F.3d at 1190 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

### C. *Pro Se* Status

Plaintiff is proceeding *pro se*. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding a *pro se* complainant's allegations to less stringent standards than formal pleadings drafted by lawyers); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon

which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted). The plaintiff's *pro se* status does not entitle him to application of different rules of civil procedure. *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10-CV-00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted).

## II.   FACTS AND PROCEDURAL HISTORY

Plaintiff does not object to the Magistrate Judge's recitation of his allegations against the Defendants. The Court adopts and incorporates the factual and procedural history included within the Recommendations as if set forth herein. Briefly, Plaintiff is a *pro se* prisoner at the Arkansas Valley Correctional Facility ("AVCF"). (ECF No. 1 at 2, Compl.) Individual Defendants are current employees of the Colorado Department of Corrections ("CDOC") at the AVCF. (ECF No. 1 at 2-3.) Defendant CHP is the "insurance and bond holder for medical defendants." (ECF No. 1 at 3.) To the extent any additional facts are necessary for the Court's resolution of this matter, such facts are below.

Plaintiff filed this two count 42 U.S.C. § 1983 action July 20, 2012, alleging that Defendants violated his Eighth Amendment constitutional rights by (1) failing to provide him

with adequate medical treatment for sulfur poisoning (ECF No. 1 at 5-9) and (2) failing to treat him for diabetes (ECF No. 1 at 10). Plaintiff filed an unsigned Amended Complaint on September 24, 2012. (ECF No. 7, Am. Compl.) For clarity and based on Plaintiff's *pro se* status, this Court will refer to Plaintiff's Complaint and Amended Complaint simply as his "Complaint."

On January 16, 2013, U.S. District Court Senior Judge Lewis Babcock dismissed Plaintiff's claim against Defendant Robbie Quick. (ECF No. 15.)

On March 25, 2013, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Singh, Hanks, Lawrence, Clements, and Hartley moved to dismiss Plaintiff's Complaint. (ECF No. 30.) Individual Defendants, in their briefing, offered a range of arguments in favor of this case's dismissal: namely, that Defendants Hartley and Clements are entitled to Eleventh Amendment immunity in their official (ECF No. 30 at 3-4) and individual (ECF No. 30 at 4) capacities, that Sparks failed to state an Eighth Amendment deliberate indifference claim (ECF No. 30 at 6-11), and that Defendants are entitled to qualified immunity (ECF No. 30 at 11-12). On April 9, 2013, Defendant CHP moved to dismiss Plaintiff's Complaint. (ECF No. 35.) Although, CHP did not identify a particular Federal Rule of Civil Procedure pursuant to which it moved to dismiss the Complaint, it argued that Plaintiff "fails to provide any basis for determining that [his] allegations are sufficient to state a claim." (ECF No. 35 at 2.)

Plaintiff failed to serve Defendant Aasen within the time period afforded under the Federal Rules of Civil Procedure. *See* ECF No. 54 (holding that as of July 9, 2013, Plaintiff had yet to serve Defendant Aasen).

### III. ANALYSIS

This Court has reviewed the Recommendations, Plaintiff's objections, and all relevant pleadings, and concludes that Magistrate Judge Watanabe's analysis of the issues as to which objections were filed[2] was thorough and his conclusions were correct.

#### A. Plaintiff's Objection to the Magistrate Judge's Recommendation that Claim One Be Dismissed

Plaintiff contends that the Magistrate Judge erred in holding that he failed to allege facts sufficient to state an Eighth Amendment claim against Defendants Singh and Hanks for deliberate indifference to Plaintiff's medical needs with respect to sulfur poisoning. (ECF No. 57 at 1-4.) The Magistrate Judge held that Plaintiff fails to allege facts sufficient to establish the subjective knowledge necessary to draw an inference that the Defendants knew about and disregarded a substantial risk of harm to his health or safety with respect to sulfur poisoning. (ECF No. 55 at 12.) Plaintiff contends that "defendants were aware of plaintiffs' condition and rejected his serious medical needs...." (ECF No. 57 at 1.)

"The subjective component is akin to recklessness in the criminal law [context], where, to act recklessly, a person must *consciously* disregard a substantial serious harm." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (internal quotation marks and citation omitted and emphasis added). As such, the subjective component is not satisfied "unless the [prison] official

---

[2] Plaintiff did not file an objection with respect to the Magistrate Judge's recommendation to dismiss Plaintiff's claims against Defendants Hartley and Clements in their official capacities for monetary damages (ECF No. 55 at 7-8) and individual capacities entirely (ECF No. 55 at 8-10). (*See generally* ECF No. 57.) Because Plaintiff failed to file a timely and specific objection to these aspects of the Recommendations and this Court finds no clear error in the Magistrate Judge's analysis, this Court adopts the Recommendations with respect to Defendants Hartley and Clements. Plaintiff did not file an objection with respect to the Magistrate Judge's recommendation to dismiss Plaintiff's claims against Defendant CHP (ECF No. 55 at 16-18). (*See generally* ECF No. 57.) Again, because Plaintiff failed to file a timely and specific objection to this aspect of the Magistrate Judge's Recommendations and this Court finds no clear error in the Magistrate Judge's analysis, this Court adopts the Recommendations with respect to Defendant CHP.

knows and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A difference in medical opinion regarding treatment does not amount to a constitutional violation. *See Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002); *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968). "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff's Claim One alleges that Defendants medically mistreated him because "P.A. Singh knew or should have known that medications he prescribed can cause violent reactions...and he disregarded [the substantial risk of harm] by failing to take reasonable steps to examine [him]...." (ECF No. 1 at 5.) Plaintiff's allegation in this regard fails to establish that Defendant Singh *knew* of an excessive risk to *the Plaintiff's* health. Rather, Plaintiff's allegation is focused on the risk inherent in all prescription medicine.

Plaintiff further undercuts Claim One when he alleges that "[h]ad P.A. Singh and his staff *not treated* [him] as a nuisance...*he would have* seen that [he] was having a violent reaction to medications [Singh] prescribed." (ECF No. 1 at 5 (emphasis added).) A plaintiff may plead himself out of a cause of action by alleging facts which undermine his claim. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Blumhagen v. Sabes*, Case No. 94-8022, 78 F.3d 597 (10th Cir. 1996) (unpublished-table decision). Plaintiff's allegation demonstrates that the Defendants had no knowledge that Plaintiff was suffering from an allergic reaction. Further,

8

Plaintiff's allegation demonstrates that the Defendants were treating him; albeit, Defendants treated him at a level of competency and attention that Plaintiff finds dissatisfactory.

This Court agrees with the Magistrate Judge's Recommendation that the majority of Plaintiff's allegations in Claim One are focused on Plaintiff's desire for different and better treatment which is not a cognizable Eighth Amendment claim pursuant to 42 U.S.C. § 1983. *Thompson*, 289 F.3d at 1222; *Coppinger*, 398 F.2d at 394. This Court agrees with the Magistrate Judge's Recommendation that Plaintiff's remaining allegations in Claim One may rise only to the level of negligence rather than a deliberate indifference to Plaintiff's alleged medical condition. The remaining allegations are insufficient to state an Eighth Amendment claim based upon medical treatment. *See Self*, 439 F.3d at 1233-34 (holding that even a claim rising to the level of medical malpractice is insufficient to state an Eighth Amendment claim).

Accordingly, the Magistrate Judge correctly recommended dismissing Claim One.

### B. Plaintiff's Objection to the Magistrate Judge's Recommendation that Defendant Aasen Be Dismissed

Plaintiff contends that the Magistrate Judge erred in dismissing Defendant Aasen because "[t]he court is holding the plaintiff to a standard as a lawyer to locate a[n] ex-D.O.C. employee." (ECF No. 57 at 4.) The Plaintiff's *pro se* status, however, does not entitle him to application of different Federal Rules of Civil Procedure. *See Hall*, 935 F.2d at 1110; *see also Wells*, 2010 WL 3521777, at *2. Rule 4(m) of the Federal Rules of Civil Procedure *requires* the Court to dismiss an action against a defendant if he is not served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m).

Plaintiff commenced this litigation on July 20, 2012. (ECF No. 1.) On February 25, 2013, the Magistrate Judge held a Status Conference (ECF No. 27) and entered a Show Cause

Order as to why Defendant Aasen had yet to be served (ECF No. 28). On May 8, 2013, the Court continued the show cause hearing to July 9, 2013 based upon Plaintiff's representation that he had obtained an address for Defendant Aasen (ECF No. 29). (ECF No. 41.) Plaintiff has yet to serve Defendant Aasen.

Plaintiff's objection fails to provide any good cause for why this Court should continue to extend the time to serve Defendant Aasen (Plaintiff provides no additional information that could be used to effect service on Defendant Aasen) or how the Magistrate Judge erred in his Recommendations based on applying Federal Rule of Civil Procedure 4(m) or Local Rule 41.1. Accordingly, the Magistrate Judge correctly recommended dismissing Defendant Aasen from this litigation.

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED that:

1. Plaintiff's Objections (ECF No. 57) to the Magistrate Judge's Recommendations are OVERRULED;

2. The Magistrate Judge's Recommendations (ECF Nos. 54 and 55) regarding Defendants' motions to dismiss (ECF Nos. 30, 35) are ADOPTED, to wit,

   (i)   Plaintiff's claims against Defendant Aasen are DISMISSED;

   (ii)  Plaintiff's monetary claims against Defendants Clements and Hartley in their official capacities are DISMISSED;

   (iii) Plaintiff's claims against Defendants Clements and Hartley in their individual capacities are also DISMISSED;

   (iv)  Claim One of Plaintiff's Complaint (ECF No. 1) is DISMISSED in its entirety;

      (v)    Plaintiff's claims against Defendant CHP are DISMISSED with prejudice; and

3.  Plaintiff's "Motion to Forwith [sic] District Court Ruling to Magistartes [sic] Recommendation" (ECF No. 77) is DENIED as moot.

DATED this 8th day of September, 2014.

BY THE COURT:

*[signature]*

RAYMOND P. MOORE
United States District Judge